**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PNC BANK, NATIONAL ASSOCIATION,
a national banking association,

                Plaintiff,

vs.                              Case No.  3:15-cv-1392-J-34JRK

NUMISMATIC SUBS, LLC, TREVOR
BUBE, THOMAS BUBE,

                Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's First Amended Verified Complaint for Foreclosure of Mortgage and Security Interests and Related Relief (Doc. 7; Amended Complaint), filed on December 28, 2015.  On November 30, 2015, after reviewing Plaintiff's Verified Complaint for Foreclosure of Mortgage and Security Interests and Related Relief (Doc. 1; Complaint), the Court entered an Order (Doc. 5; Jurisdictional Order) noting that Plaintiff asserted in the Complaint that the Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332 but that Plaintiff had not properly alleged the citizenship of Defendant Numismatic Subs, LLC (Numismatic). See Jurisdictional Order at 3 (noting that Plaintiff failed to properly allege the identity and citizenship of each member of Numismatic).  Therefore, in its Jurisdictional Order, the Court directed Plaintiff to file an amended complaint demonstrating that the Court has subject matter jurisdiction over this action.  See id. at 3.  Plaintiff then filed its Amended Complaint.

In the Amended Complaint, Plaintiff alleges that Numismatic is a limited liability company with two members—Defendant Trevor Bube and nonparty William Dougherty, Jr. (Dougherty).  Amended Complaint ¶ 10(a).  However, Plaintiff failed to clarify whether Dougherty is an individual or other type of entity.  Moreover, while Plaintiff alleges that Defendant Trevor Bube is a citizen of the State of Illinois, id. at ¶ 6, Plaintiff alleges only the state in which Dougherty resides.  Id. at ¶ 10(c).[1]  Without knowledge of the nature and citizenship of every member of Numismatic, the Court is unable to determine whether complete diversity exists between Plaintiff and Defendants.

In light of the foregoing and "in the hope of preventing the needless expenditure of litigant and judicial resources that occurs when a case proceeds to trial in the absence of subject matter jurisdiction[,]" see Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010), the Court will afford Plaintiff another opportunity to provide the Court with sufficient information to establish Numismatic's citizenship and this Court's diversity jurisdiction over the instant action.

---

[1] If Dougherty is an individual, the complaint must include allegations of his citizenship, not where he resides.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation and citation omitted).

Accordingly, it is **ORDERED**:

Plaintiff PNC BANK, National Association, shall have until **JANUARY 18, 2016**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of January, 2016.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc20

Copies to:

Counsel of Record