UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PNC BANK, NATIONAL ASSOCIATION,
a national banking association,

    Plaintiff,

v.

    Case No. 3:15-cv-1392-J-34JRK

NUMISMATIC SUBS, LLC, TREVOR
BUBE, and THOMAS BUBE,

    Defendants.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Summary Final Judgment of Foreclosure filed on February 28, 2017 (Doc. 42; Motion). Although given ample time to respond to the Motion, the Defendants have not done so.[1] On June 4, 2017, the Court entered an endorsed order asking Plaintiff PNC Bank, National Association (PNC) to clarify whether the Motion relates to any claim other than the foreclosure claim in Count V of Plaintiff's First Amended Verified Complaint for Foreclosure of Mortgage and Security Interests and Related Relief (Doc. 7; Amended Complaint). See Endorsed Order (Doc. 48). In response, PNC confirmed that the Motion pertains only to Count V of the Amended Complaint. See Plaintiff's Response to Court Order (Doc. 50). The Motion is ripe for review.

---

[1] Plaintiff PNC Bank, National Association served the Motion on February 27, 2017. See Motion at 21. Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida, a response was required to be filed on or before March 20, 2017. On March 30, 2017, this Court entered an order extending the deadline to respond to the Motion to April 13, 2017. See Order (Doc. 44). The Defendants failed to respond by the extended deadline, and as of the date of this Order have yet to respond.

1

I. **Background**

On November 18, 2013, in exchange for a loan from PNC in the amount of $290,000.00 (the First Loan), Numismatic executed a promissory note. See Amended Complaint ¶¶15-16; Promissory Note (Doc. 7-1; First Note).[2] To secure the First Loan, Trevor Bube executed the Mortgage (Doc. 7-3), on a parcel of real property located at 8766 Country Creek Blvd., Jacksonville, Florida 32221 (the Property), the legal description of which is:

> LOT 6 BLOCK 9, COUNTRY CREEK—UNIT TWO, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 35, PAGE(S) 44, OF THE PUBLIC RECORDS OF DUVAL COUNTY, FLORIDA.[3]

See Amended Complaint ¶¶19, 22; Mortgage at 2. Trevor Bube owns the Property and Thomas Bube resides on the Property. See Amended Complaint ¶7. The Mortgage was recorded on December 19, 2013, in Official Records Book 16638, Page 405 of the Official Records of Duval County, Florida. See Amended Complaint ¶19. PNC owns, and is in possession of, the First Note and Mortgage. Id.¶17, 59; Affidavit of Indebtedness (Doc. 42-1; McKeon Aff.) ¶¶5-6.[4]

---

[2] The First Loan is also evidenced by the Business Loan Agreement (Doc. 7-2) between Numismatic and PNC. See Amended Complaint ¶18.

[3] The Mortgage also encumbers Improvements, defined as "all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property," and Personal Property, defined as:

> [a]ll equipment, fixtures, and other articles of personal property now or hereafter owned by Grantor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

See Mortgage at 10; Amended Complaint ¶22.

[4] The First Loan is also secured by: (1) the Commercial Security Agreement (Doc. 7-4) between Numismatic and PNC; (2) the UCC Financing Statement (Doc. 7-5); (3) the Commercial Guaranty (Doc. 7-6)

On the same day, in exchange for a second loan from PNC in the amount of $25,000.00 (the Second Loan), Numismatic executed a second promissory note. See Amended Complaint ¶¶29-30; Promissory Note (Doc. 7-7; Second Note).[5] PNC owns, and is in possession of, the Second Note. Id.¶31.

The First and Second Notes specify that the failure to make any payments when due or Numismatic's insolvency constitutes a default. See First Note at 2-3 and Second Note at 2-3. Notably, the Mortgage is cross-defaulted and cross-collateralized with the First and Second Notes, such that a default under either Note constitutes a default under the Mortgage. See Mortgage at 6-7, 8; Amended Complaint ¶37; McKeon Aff. ¶18. The Mortgage provides that in the event of such a default, PNC may foreclose on the Property. See Mortgage at 6-7.

Numismatic defaulted under the First and Second Loans by failing to pay amounts required by the loan documents when due, including: (1) the First Loan payments due on May 18, 2015, June 18, 2015, July 18, 2015, August 18, 2015, September 18, 2015, and October 18, 2015, and (2) the Second Loan payments due on June 18, 2015, July 18, 2015, August 18, 2015, September 18, 2015, and October 18, 2015. See Amended Complaint ¶¶38, 50, 60; McKeon Aff. ¶8. Numismatic also defaulted by virtue of the bankruptcy of its member, William Dougherty, Jr.. See Amended Complaint ¶¶38, 50, 60. Despite notice of the default and PNC's written demands for payment, id. ¶¶39-48, 51-55,

---

executed by Trevor Bube in favor of PNC; and (4) a guaranty executed by William Dougherty, Jr. (a member of Numismatic) in favor of PNC. See Amended Complaint ¶¶10(a), 20-21, 26-27.

[5] The Second Loan is evidenced by the Business Loan Agreement (Doc. 7-8) between Numismatic and PNC, and secured by the Commercial Guaranty (Doc. 7-9) executed by Trevor Bube in favor in PNC, and a guaranty executed by Dougherty in favor of PNC. See Amended Complaint ¶¶32, 34-35.

68, 70; McKeon Aff. ¶¶9-13; Reservation of Rights Letter to Dougherty and Trevor Bube (Doc. 7-11; ROR Letter); Fair Debt Notice Letter (Doc. 7-10; Fair Debt Notice), Numismatic and Trevor Bube have not paid all amounts due and owing under the First and Second Notes, see Amended Complaint ¶¶47, 49; McKeon Aff. ¶¶22, 27.

PNC filed the Amended Complaint on December 28, 2015. See generally Amended Complaint. In the Amended Complaint, PNC asserts eight claims against Defendants Numismatic Subs, LLC (Numismatic), Trevor Bube, and Thomas Bube. Id. As relevant to the instant Motion, in Count V, PNC seeks to foreclose the Mortgage on the Property. Id. ¶¶125-136. Although PNC personally served the Defendants with process, no party responded. See Affidavit of Service (Doc. 11); Proof of Service (Doc. 12); Return of Service (Doc. 13). As such, on PNC's motions, see Plaintiff's Motion for Entry of Default (Doc. 17, Doc. 19 and Doc. 22), the Clerk of Court entered clerk's defaults with respect to each Defendant, see Clerk's Entry of Default (Doc. 18, Doc. 21 and Doc. 24; collectively, the Clerk's Defaults).

On June 20, 2016, Numismatic and Trevor Bube each filed Suggestions of Bankruptcy. See Defendant Numismatic Subs, LLC's Suggestion of Bankruptcy and Imposition of Automatic Stay (Doc. 31; Numismatic's Suggestion) and Defendant Trevor Bube's Suggestion of Bankruptcy and Imposition of Automatic Stay (Doc. 32; Trevor Bube's Suggestion). Accordingly, on July 11, 2016, the Court stayed this case in its entirety. See Order (Doc. 35; Stay Order). On October 11, 2016, PNC advised the Court that, with respect to Numismatic, the bankruptcy court granted PNC relief from the

4

automatic stay to proceed with its efforts to foreclose on the Property.[6]  See First Status Report (Doc. 36) ¶¶3-4.  On PNC's motion, see Motion to Lift Stay (Doc. 37), the Court lifted the Stay Order on November 23, 2016, to allow PNC to proceed with its foreclosure claims.  See Order (Doc. 40) at 2.  On January 31, 2017, PNC advised the Court that Trevor Bube had been granted a bankruptcy discharge and that his bankruptcy was closed.  See Status Report (Doc. 41) at 2.

## II. Standard of Review

Under Rule 56, Federal Rules of Civil Procedure (Rule(s)), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56(a).  The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Rule 56(c)(1)(A).[7]  Id.  Thus, case law construing the former Rule 56 standard of review remains viable and is applicable here.  An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant.  See Mize v.

---

[6]  The bankruptcy judge noted that the relief "permits the Movant to take action against the Mortgaged Property only and does not permit the Movant to seek or obtain a money judgment against the Debtor without further relief from the automatic stay."  See Order Granting PNC Bank, National Association's Motion for Relief from the Automatic Stay (Doc. 36-1; Bankruptcy Relief Order) ¶3.

[7]  Rule 56 was revised in 2010 "to improve the procedures for presenting and deciding summary-judgment motions."  Rule 56 advisory committee's note 2010 Amendments.

> The standard for granting summary judgment remains unchanged.  The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law.  The amendments will not affect continuing development of the decisional law construing and applying these phrases.

Id.  Thus, case law construing the former Rule 56 standard of review remains viable and is applicable here.

Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)). "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." Kesinger ex rel. Estate of Kesinger v. Herrington, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (internal citations and quotation marks omitted). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)).

### III. Discussion

Preliminarily, the Court notes that PNC is not entitled to judgment in its favor simply because the Motion is unopposed. Indeed, the Eleventh Circuit Court of Appeals has

unequivocally held that "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed, but, rather, must consider the merits of the motion." Reese v. Herbert, 527 F.3d 1253, 1269 (11th Cir. 2008) (quoting United States v. One Piece of Real Prop. Located at 5800 SW 74th Avenue, Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004)). As such, the Court "must ensure that the motion itself is supported by evidentiary materials . . . [and] determine if there is, indeed, no genuine issue of material fact." Id. (internal quotations omitted).

Here, the well-pleaded allegations in the Amended Complaint are deemed admitted by virtue of the Clerk's Entry of Default against each Defendant. See the Clerk's Defaults; see also Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)[8]; Davis v. Lane Mgmt., LLC, 524 F. Supp. 2d 1375, 1377 (S.D. Fla. 2007). Based on these admissions and other evidence in the record, the Court finds that there is no genuine dispute of material fact regarding PNC's entitlement to foreclose on the Mortgage.

In order to foreclose upon a promissory note, the plaintiff must establish that it is the holder of the note, or the one "'who is in possession of a document of title or an instrument or an investment security drawn, issued, or endorsed to him or to his order or to the bearer or in blank.'" Citibank v. Dalessio, 756 F. Supp. 2d 1361, 1365 (M.D. Fla. 2010) (citations omitted). Then, the plaintiff must "demonstrate that the defendant failed to pay pursuant to the note." Id.

Here, there is no dispute that PNC is the holder of the Notes and entitled to foreclose on the Mortgage. The undisputed evidence establishes that PNC owns, and is in

---

[8] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

possession of, the First and Second Notes as well as the Mortgage, and that its lien on the Mortgage is superior to the interest of any of the Defendants in the Property. See Amended Complaint ¶17, 59; McKeon Aff. ¶¶5-6. Additionally, there is no dispute that Numismatic has defaulted under the Notes by failing to pay the amounts due. See Amended Complaint ¶¶38, 50, 60; McKeon Aff. ¶8. Despite notice of its default, see ROR Letter and Fair Debt Notice, Numismatic has not paid all amounts due and owing under the First and Second Notes, see Amended Complaint ¶¶47, 49; McKeon Aff. ¶¶22, 27. Numismatic's defaults under the Notes renders Trevor Bube in default of the Mortgage. See Amended Complaint ¶61; McKeon Aff. ¶15. Accordingly, PNC is entitled to foreclose on the Mortgage and the Motion is due to be granted. See PNC Bank, Nat'l Ass'n v. Shan Motel Co., No. 6:13-cv-926-Orl-40DAB, 2014 WL 12611035, at *3 (M.D. Fla. Aug. 27, 2014) (finding that a note-owner was entitled to foreclose on the mortgage where the defendants defaulted under the terms of the note); PNC Bank, Nat'l Ass'n v. Orchid Grp. Invs., L.L.C., 36 F. Supp. 3d 1294, 1300 n.3 (M.D. Fla. 2014) (same).

Notably, "Florida law generally requires a foreclosing party to produce the original note in a foreclosure suit." Esteves v. SunTrust Banks, Inc., 615 F. App'x 632, 636 (11th Cir. 2015); see also Madura v. BAC Home Loans Servicing, L.P., __ F. App'x __, No. 16-14870, 2017 WL 5988381, at *3 (11th Cir. Dec. 4, 2017) (per curiam), aff'g, No. 8:11-cv-2511-T-33TBM, 2016 WL 4411305 (M.D. Fla. Aug. 19, 2016) (acknowledging that the court entered an endorsed order directing Bank of America to submit the original note before entering a final judgment of foreclosure); Dasma Invs., LLC v. Realty Assocs. Fund III, L.P., 459 F. Supp. 2d 1294, 1302 (S.D. Fla. 2006); Downing v. First Nat'l Bank of Lake City, 81 So.2d 486, 488 (Fla. 1955) (en banc); Deutsche Bank Nat'l Trust Co. v. Clarke, 87 So. 3d

58, 61 (Fla. 4th DCA 2012). As such, on December 13, 2017, the court entered an endorsed order directing PNC to furnish the original Notes to the undersigned on or before December 20, 2017. See Doc. 53. On December 21, 2017, PNC furnished the original Notes to the undersigned's chambers. Therefore, the Motion is due to be granted and judgment is due to be entered in PNC's favor with respect to Count V of the Amended Complaint.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Final Judgment of Foreclosure (Doc. 42) is **GRANTED**.

2. A Final Judgment of Foreclosure will be entered separately.

3. On or before **January 16, 2018**, Plaintiff PNC Bank, National Association is directed to file a notice advising the Court as to how it intends to proceed with the remainder of this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 21st day of December, 2017.

MARCIA MORALES HOWARD
United States District Judge

lc25
Copies to:
Counsel of Record